| 12 | 389 |
| 79 | 630 |
| 12 | 389 |
| 112 | 727 |
| 12 | 389 |
| 114 | 223 |
| 12 | 389 |
| 116 | 581 |
| 12 | 389 |
| 134 | 162 |
| 12 | 389 |
| 137 | 266 |

## BRINTON v. SEEVERS.

1. ACKNOWLEDGMENT OF DEED. The certificate of acknowledgment appended to a deed failed to show that the grantors were personally known to the officer as the identical persons who executed the deed: *Held*,

    1. That the deed was defectively acknowledged.

    2. That recording the same imparted no notice of the contents to a subsequent purchaser.

2. STATUTE CONSTRUED. The provisions of § 2, chapter 30, Laws of 1858, (Rev. of 1860, § 2249,) are not repugnant to the constitution as impairing the obligation of contracts; but are invalid as to cases in

which its application would interfere with rights vested at the date of its taking effect.

3. SAME.   The phrase *duly recorded* in said act embraces all deeds defectively acknowledged and *actually* recorded; and is not restricted to those *lawfully* recorded under §§ 1211 and 1212 of the Code of 1851.

4. PRACTICE: DEMURRER TO TITLE.   In proceedings to quiet title the defendant may take advantage of defects in the title of complainant, as shown by his petition, by demurrer.

*Appeal from Mahaska District Court.*

THURSDAY, OCTOBER 5.

BILL IN EQUITY TO QUIET TITLE.   Complainant claims under a deed made by Lougbridge & Cassidy, of April 11th, 1854.   The respondent, as alleged in the bill, claims under a judgment and execution against Cassidy, in virtue of which the premises were sold on the 17th of November, 1857. The acknowledgment of the deed from Lougbridge & Cassidy to complainant, is as follows:

*State of Iowa,*    }
*Mahaska County.* }   SS.

      On this 11th day of April, 1854, appeared before me, the undersigned, a justice of the peace in and for said county, the above named persons, who executed the above conveyance as grantors, and acknowledged the same to be their voluntary act and deed, for the purposes therein expressed.   Witness my hand this day and year first above written

WILLIAM BALLARD, J. P."

The judgment against Cassidy, under which the premises were sold to respondent, was rendered June 4th, 1857.   The deed to complainant, as shown by the bill, was filed for record on the day of its execution, and duly recorded.   It is not alleged in the bill that respondent had other than constructive notice of the deed to complainant.

Respondent demurred to the bill, which demurrer was overruled, and he appeals.

*James A. Seevers pro se,* relied upon the following authorities: *Dussaume et al.* v. *Burnett et al.,* 5 Iowa 95; *Cavender* v. *The Heirs of Smith,* Ib. 157; *Crawford* v. *Burton,* 6 Ib. 476; *McGavran* v. *Haupt,* 9 Iowa 83; *Hayden* v. *Wescott,* 11 Conn. 129; *Pendleton* v. *Burton,* Ib. 406; *Stanton* v. *Button,* 2 Ib. 525.

*Wm. Loughridge* for the appellee.

WRIGHT, J.—Several causes, general in their nature, are assigned in the demurrer; but the special assignment and the one relied upon in argument is, that the deed to complainant; was so imperfectly acknowledged that its recording did not impart notice of its contents to respondent, and that as a consequence, complainant acquired no title thereby against the judgment, execution and purchase thereunder by respondent.

We are of the opinion that the deed was defectively acknowledged, and that the recording of the same, according to the provisions of the Code of 1851, § 1211, imparted no notice of its contents to the respondent. *Wickersham* v. *Reeves and Miller,* 1 Iowa 413; *Crawford* v. *Burton,* 6 Ib. 476; *Dessaume et al* v. *Burnett et al.,* 5 Ib. 95.

By § 2 of chap. 30, Laws of 1858, (Rev. 1860, § 2249,) it is declared that the acknowledgment of all deeds " taken and certified previous to the taking effect of this act, and which have been duly recorded in the proper counties in this State, be and the same are hereby declared to be legal and valid in all courts of law or equity in this State or elsewhere; anything in the several different acts or laws of the Territory or State of Iowa in regard to acknowledgments to the contrary notwithstanding."

To accomplish the end evidently designed, the language

of this section is not so appropriate as might have been selected. Deeds defectively acknowledged, and even without an acknowledgment, are good between the parties to them. The acknowledgment, in the manner required by the law, is essential to admit the instrument to record and make the same notice thereof to third persons. If defectively acknowledged, and third persons have actual notice of their existence, they are bound by them. As to the parties to the instrument therefore, and those having actual notice of its execution, this statute was unnecessary. And to thus confine its meaning or purpose, as its strict letter would seem to require, would defeat the manifest intention of the legislature. The object was to cure defects and give validity to recorded deeds, as to third persons, though improperly acknowleged. The old law was, that no instrument affecting real estate should be of any validity against subsequent purchasers for a valuable consideration, without notice, unless recorded in the office of the recorder of deeds and that it should not be deemed lawfully recorded unless it had been previously acknowledged or proved in the manner prescribed by the statute. Code of 1851, §§ 1211–12. In view of the many instruments admitted to record, acknowledged in a manner different from that prescribed by the statute, the act of 1858, was passed, attempting to cure these defects and to make the records thereof constructive notice of their contents the same as if the provisions of the Code had been strictly followed. Nor is the suggestion entitled to weight that the terms " duly recorded," found in the act of 1858, control and have reference to those " lawfully " recorded under the sections of the Code above cited. Such a construction would strip the curative act of all meaning. These words were only intended to declare that the deed defectively acknowledged must be *recorded* to give it the designed validity, and not that a deed " lawfully "

registered under the old law was valid. The latter had this validity without any aid from this act.

What effect then, is this legalizing act to have. Is it unconstitutional, because it impairs the obligation of contracts; because it interfers with vested rights or because it makes binding and operative, as to third persons, a contract, which the prior law had, as to them, declared invalid? These questions are not discussed by counsel for appellant. 1 Digest U. S. 558, § 92.

Our conclusion is, that the act is not repugnant to the constitution upon the ground that it impairs the obligation of contracts. It validates, rather than otherwise, the contracts in question. *Satterlee* v. *Matthewsow*, 2 Pet. 380; *Watson* v. *Mercer*, 8 Ib. 88. But it is invalid upon the ground that as applied to this case, it interferes with vested rights. It appears from the bill and exhibits that respondent purchased the property, paid his money and received the sheriff's certificate before the passage of the curative act of 1858; but procured the sheriff's deed afterwards. If the purchase had been subsequent to the taking effect of this act, then he would be affected by its curative terms, and could not in any sense claim that it interfered with vested rights. By such voluntary purchase, with a knowledge of the law, he would stand in no better position than the parties to the deed. When he purchases and parts with his money, however, before, the legislature can not, by afterwards declaring the title of a third person valid, make it paramount, and deprive such purchaser of all rights acquired under the sheriff's sale.

According to the view we take of the case, respondent could take advantage of the defect in defendant's title by demurrer. The bill exhibits his title, and there is no averment that respondent had actual notice of the existence of the deed. It was essential to his title as against third per-

sons that he should either exhibit a good title or aver such facts as affected respondent with notice of the deed defectively acknowledged. If he failed to do this, respondent could raise the question by demurrer without being required to deny such notice by answer, and complainant should state affirmatively the equity of his case and it will not be presumed.

Reversed.