Cole, Ch. J.
l. Conveyance: ment?wleds" The description in the deed as made and alleged to be a mistake is as follows: “ Commencing at a stake on the west line of section eighteen, thence north, on west line of said section, six chains,” etc., and thence, by several courses and distances, “ to the place of beginning.” The petition avers that the true description intended to be inserted in the deed was as follows: “ Commencing at a stake on the west line of section eighteen, township eighty-one north, of range six east, eighteen and seventy-three hundredths chains south of the northwest corner of said section, thence” following the *411 description as in the deed. The deed as made contained certain agreements on .the part of the grantee, but it was signed and acknowledged only by the grantor, and was recorded.
It is first claimed by appellant that since the grantee did not acknowledge the deed, it is void and was not lawfully recorded. This is not so. A deed is valid and binding between the parties to it, though it be neither acknowledged or recorded. Brinton v. Seevers, 12 Iowa, 392; Haynes, Hutt & Co. v. Seachrest, 13 id. 455; McHenry v. Day, id. 445.
2.__married woman. Nor is an acknowledgment of a deed by a married woman, releasing her dower or conveying her real estate, necessary to its validity under our statutes.. Sims v. Hervey et ux., 19 Iowa, 272. Whether there was a delivery of the deed cannot be raised by the demurrer in this case. That question is one of fact, to be determined by the proof, in case such issue is made. Nor does the fact of possession under the deed, or the absence of it, affect the right of plaintiff to have the mistake corrected. Because the deed is void for uncertainty of description, instead of operating to defeat the plaintiff’s claim to have the mistake corrected, affords the greater occasion for it; the demurrer admits the mistake as averred.
The judgment sustaining the demurrer, so far as it respects the mistake, is sustained and affirmed, and the cause is remanded with instructions to permit defendant, Eunice N. G-ray, to answer to so much of the plaintiff’s claim and petition as respects the rights of the parties under the deed as corrected, if she shall be so advised. The appellants will pay all the costs of this appeal.
Modified and affirmed.