Lake v. Gray.

LAKE *et al.* v. GRAY *et al.*

1. Demurrer: WHEN ERRONEOUS TO SUSTAIN. The sustaining of a demurrer to an entire answer is erroneous when it contains a general denial of the allegations of the petition.

2. Conveyance: ACKNOWLEDGMENT. The case of *Lake et al.* v. *Gray et al.*, 30 Iowa, 415, holding that a conveyance is binding between the parties though it be neither acknowledged or recorded, followed.

3. —— FAILURE OF CONSIDERATION. The failure to deliver property agreed upon as the consideration of a conveyance does not invalidate the deed, but merely furnishes the grantor a right of action for the value of the consideration stipulated.

*Appeal from Clinton District Court.*

SATURDAY, DECEMBER 16.

ACTION in equity to correct the description of certain real estate conveyed by the defendant Eunice N. Gray to the defendant Joseph Willis, and by Willis to the plaintiffs, and to enjoin the defendants from asserting any title

thereto. The cause was before us at the December term, 1870, upon an appeal from a judgment overruling the demurrer of Eunice N. Gray to the petition. The judgment of the court was affirmed, but modified so far as to permit her " to answer to so much of the plaintiff's claim and petition as respects the rights of the parties under the deed as corrected." *Lake* v. *Gray*, 30 Iowa, 415. The cause being remanded, the defendants filed an answer, which, upon motion of plaintiffs, was stricken out for the reason that it did not raise any issue contemplated or allowed by the opinion of the supreme court. From this order the defendant Eunice N. Gray again appealed, and the ruling of the district court was reversed upon the ground that the answer did not seek to re-open the adjudicated portion of the case, the correction of the deed, but to defend her claims under the deed as corrected, and that the question whether the facts alleged are sufficient for that purpose cannot be raised by motion to strike the answer from the files, but should be made by demurrer. *Lake* v. *Gray*, 30 Iowa, 415.

The cause being again remanded, the plaintiffs filed a general demurrer to the answer, which was sustained. Thereupon a decree was entered confirming the title of plaintiffs and enjoining the defendants from disturbing or interfering with plaintiffs' possession.

The defendant Eunice N. Gray appeals. The further necessary facts are stated in the opinion.

*D. Gray* for the appellant.

*W. E. Leffingwell* and *Walter I. Hayes* for the appellee.

DAY, J.—The answer of the defendant Eunice N. Gray is, in substance, as follows:

1st. A general denial. 2d. That there was no consideration paid by Willis except an agreement to furnish fruit trees, which he had not performed. 3d. That neither

Willis nor the plaintiffs have performed the covenants contained in the deed to Willis. 4th. That when said deed was handed to Willis he agreed to acknowledge it, but did not, and had it recorded without acknowledgment on his part. 5th. That defendant had been in possession of the real estate in question ever since the deed was given to Willis, and has paid taxes thereon with the knowledge of Willis and the plaintiffs. 6th. That the giving of the deed to Willis " was more a matter of charity than otherwise," upon the consideration nevertheless of being furnished with said fruit trees, and that this has not been done. 7th. That defendants' deed to Willis and the deed of Willis to plaintiffs are null and void, and a cloud upon defendants' title. 8th. That the plaintiffs had notice before they purchased that there was no consideration paid by Willis, "and that said premises were sold for taxes and redeemed therefrom, as above set forth."

The prayer of defendant is that the deeds referred to be declared null and void, and canceled of record.

There was technical error in sustaining the demurrer to the entire answer, inasmuch as it contains a general denial of the allegations of the petition. The defendant, however, does not urge this objection to the ruling of the court, and it is apparent from the structure of the answer in connection with the argument of the defendant, that this denial is merely formal, and that the defendant places no reliance upon it.

The defenses relied upon by the defendant are those contained in the second and fourth paragraphs of the answer. The failure of the grantor to acknowledge the conveyance was considered upon the former appeal, and held to constitute no objection to the deed. See *Lake* v. *Gray*, 30 Iowa, 415. Respecting the remaining defense it is to be observed that the answer does not, as defendant in his argument insists, allege that there was no consideration for the deed, but that Willis had *failed to pay*

the consideration agreed upon. This portion of the answer is in full as follows: "The said defendant says that there never has been any consideration paid by said defendant for or on account of said premises, and that the only consideration agreed to be paid for the said premises by said Willis was to furnish what fruit trees defendant desired for her farm, which agreement has never been performed by said Willis."

This answer clearly shows a valid consideration agreed upon for the conveyance. A failure to pay it does not render the deed void, but furnishes the grantor a right of action for the stipulated consideration.

We discover no error in the proceedings prejudicial to the defendant.

Affirmed.