Kittle v. St. John.

---

ROBERT KITTLE, PLAINTIFF IN ERROR, v. E. G. ST. JOHN, DEFENDANT IN ERROR.

Landlord and Tenant: LEASE. Action for rent of a warehouse and lumber-yard. Plaintiff offered in evidence a lease executed by plaintiff to defendant, witnessed, but not acknowledged or recorded, whereby the plaintiff demised the premises to the defendant for a term of five years at a rental to be paid quarterly in advance. Lease excluded by the district court for the reason that it was not recorded. *Held* to be error, for which a new trial must be awarded.

ERROR to the district court of Dodge county. Tried below before POST, J.

*Robert Kittle, pro se*, cited Gen. Stat., 875, sec. 16. 1 Greenleaf Evidence, sec. 268. Chitty on Contracts, 4, 370. *Cook v. Bradley*, 7 Conn., 57. *Bridgman v. Wells*, 13 Ohio, 43.

*Marlow & Munger*, for defendant in error, cited *Richardson v. Bates*, 8 Ohio State, 257. Gen. Stat., 392, sec. 5—872, sec. 1—880, sec. 46. *Roads v. Symmes*, 1 Ohio, 281. *Roode v. The State*, 5 Neb., 174. *Bridgman v. Wells*, 13 Ohio, 43.

Cobb, J.

The plaintiff leased certain premises to the defendant by a written lease dated September 10, 1872, for a term of five years, commencing on that day, at a rental for each year therein specified, that of the fifth year being four hundred and fifty dollars, payable quarterly in advance, at the office of the plaintiff in Fremont, and providing further that "at the termination of this lease said E. G. St. John shall deliver the possession of said premises peaceably to Robert Kittle, together with all right which he may acquire in any railroad track or spur thereon, all in as good condition as when received, except common wear and the casualties which may happen from the elements, and in default of any payment at the time due of the rent, or should said warehouse be closed, or the premises not used in the ordinary grain or lumber trade for more than one month at any time, Robert Kittle may terminate this lease by first giving six days notice, served on any one occupying said premises at such time or thereon. This lease may be terminated by E. G. St. John at the end of either year, by the same notice as above, served at R. Kittle's office or on him." Signed by the parties and witnessed.

The plaintiff in his petition sets out the making and delivery of the said lease, that the defendant entered into the said premises under the said lease and occupied them thereunder, and paid the rent according to the terms thereof for four years, "that by the covenants and terms of the said agreement there was justly due and unpaid in consideration of the use and rent of the said premises, on the tenth day of September, 1876, from said defendant to said plaintiff, $65, which was, on the eleventh day of September, 1876, demanded by said plaintiff from said defendant, who was then in full possession of said premises, yet said defendant then and there refused," etc.

The defendant, by his amended answer, "admits that he signed a paper writing, a copy of which is attached to the said petition" [the lease set out in plaintiff's petition]. "He denies each and every allegation in plaintiff's petition alleged except that he signed said paper writing."

"For a second and further answer to plaintiff's petition, he says that he occupied and used the premises in said paper writing described * * * from and after the tenth of September, 1872, he continued to use and occupy said premises until the tenth day of September, 1876, as tenant at will. That on said tenth day of September, 1876, he surrendered the use and occupation of said premises to said plaintiff, and has not since that time had the possession or use of the same, and has not, either directly or indirectly, since said tenth day of September, 1876, hindered or prevented said plaintiff from occupying and using said premises."

The third defense is substantially the same as the second.

The reply of the plaintiff denies the surrender of the premises by the defendant, and alleges that defendant

occupied them under the said lease for the full term of five years.

Upon the trial, the plaintiff offered as evidence to go to the jury the original lease or agreement as set out and referred to in the petition and answer, which, on defendant's objection, was ruled out and not admitted, to which plaintiff excepted.

It was then agreed by the respective parties in open court that either party might read from the bill of exceptions (taken at a former trial of the said cause) any legally admissible evidence in the case. Whereupon the plaintiff commenced to read the cross-examination of the defendant (who was sworn as a witness on his own behalf at the former trial) from the said bill of exceptions, and which evidence tended to prove occupation of the premises by the defendant for and during the term for which rent is claimed in this suit, to which the defendant objected, as irrelevant, immaterial, and no foundation laid. The question being reserved by the court, the plaintiff continued to read said testimony at considerable length, when the court announced that the first objection to the said "evidence must be sustained as inadmissible, the plaintiff's action is based upon the lease," to which ruling the plaintiff excepted.

The court directed a verdict for defendant, to which plaintiff excepted.

In Kent's Commentaries the law is stated as follows: "By the law of every state of the Union, all deeds and conveyances of land, except certain chattel interests, are required to be recorded, upon previous acknowledgment or proof. If not recorded, they are good, and pass the title as against the grantor and his heirs and devisees, and they are void only as to subsequent *bona fide* purchasers and mortgagees whose deeds shall be first recorded." 4 Kent, 456. The same rule is laid down by Washburn in the following

language: "The purposes of this record are chiefly to give notice to all persons having occasion to ascertain whether there has been any prior conveyance or encumbrance of any real estate; and when it is made, it becomes constructively a notice, and as effectual in law as if given personally to the party to be affected by it. It may therefore be stated in general and nearly unqualified terms, that between the parties to the deed, or the heirs or devisees of the grantor and the grantee, and those claiming under him, the validity of the deed is not affected by the want of record." 3 Washburn on the Law of Real Property, 282. Again, the same author, after speaking of the effect of the recording of deeds as notice, and other matters, says: "In all this it is to be remembered that the recording of the deed has nothing to do with the actual passing of the title; it is but notice of that act having already been done." *Id.*, 284. These text writers cite many cases in support of the above, but one of which I will notice—that of *King v. Gilson's admx.*, 32 Ills., 348. The question in that case arose upon a certain after-acquired title to King, which inured to the benefit of Hellman, King having originally held the land by a title which had failed, and having conveyed it under such bad title to Hellman's grantor. Mr. Justice Walker, in delivering the opinion of the court, says: "It was also urged that such a rule, in case the lands were vacant, might operate with great injustice if the grantor should execute a conveyance to a different person, who might get it first recorded. This is true of a large portion of ordinary conveyances, and still the title passes to the grantee. It is not the recording of the deed that passes the title, but it only secures the title from being defeated by a subsequent sale of land to an innocent purchaser. * * * In this case, when Easly conveyed the land to appellant, the

title vested in Hellman—for whose use this suit is instituted—and the title remains in him, whatever becomes of the deed."

In cases like that which I am now considering, where a party takes a lease of lands and tenements, and immediately goes into actual possession of them, it has, so far as I am advised, never been the custom to have the lease recorded, and I see no good purpose to be served by such recording. The lessee's actual possession of the premises was sufficient notice to all the world of his right in the premises, and it was not necessary that publicity be given to his agreement to pay rent, to enable the plaintiff to collect it. But if it was necessary for this lease to be recorded, whose duty was it to record it? If such recording was necessary to insure the lessee in the enjoyment of his term, then it was his duty to record it, and having neglected that duty, he could not now be heard to object to the lease on the ground that it was not recorded.

But the examination of the above authorities and their bearing upon the question involved in this case, leads me to the conclusion that the full term of five years passed to the lessee by the terms of the lease under consideration, and that as between the parties the lease was effective for that purpose without being recorded, and was admissible as evidence in an action between the said parties, and that the district court erred in excluding it.

But, on the other hand, let us suppose that the lease was not effective for the purpose of passing the term, it was a paper possessing all the essential qualities of a deed at common law; in it is expressed the rent of the premises for the year in question, as agreed upon by the parties, and I think the pleadings are sufficient to warrant a recovery on proper proof of use and occupation. Even in that view, in connection with or to

be followed by proof of occupation, I think the lease admissible in evidence as proof of the rate of rent agreed upon.

In either view, the excluding of the lease from the jury was error, for which there must be a new trial.

Having reached the above conclusion it will not be necessary to notice the other points presented by the plaintiff.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.