AMOS WEAVER, PLAINTIFF IN ERROR, V. EDWARD COUMBE, DEFENDANT IN ERROR.

Landlord and Tenant: LEASE. A lease of real property, duly signed by the parties but not witnessed or acknowledged, is valid between the parties and against subsequent lessees having actual notice of its existence.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*J. C. Crooker*, for plaintiff in error.

The lease in question was simply a parol lease, good for a year, and determinable at the pleasure of either party at the end of the year. The owner of the fee, Mrs. Smith, served on Coumbe, January 15, 1883, a notice to quit at the expiration of the first year, viz., Feb. 15, 1883. Under the English rule, tenancies from year to year are supported only by the exception to the statute, and by the statute of Nebraska there can be no tenancy from year to year unless by a lease in writing. 4 Kent, pp. 112 and 125. *Harrison v. Marshall*, 4 Bibbs, Ky., 525. This case is a parol demise for a year certain. In England, in this state and many others where the law is the same, such leasing would be valid. But if the tenant held over after the year he would then be a tenant from year to year. If there be a lease for a year, and by the ̄consent of both parties, either express or implied, and the tenant continues in possession afterwards, the law implies a tacit renovation of the contract. *Park v. Castle*, 19 Howard's Prac., 29. *Ellis v. Page*, 1 Pick., 46. *Rowan v. Lytle*, 11 Wendell, 620. *Post v. Post*, 14 Barb., 253. See generally, Tyler on Adverse Enjoyment, pp. 206–7. 12 Halstead, N. J., 99. 2 Foster, N. H., 10. 1 Greenleaf's Ev., § 263. *Burns v. Bryant*, 31 N. Y., 453. *Barlow v. Wainwright*, 22 Vt., 92. Taylor's L. and T., § 466, 3d edition. Wood's L. and T., 339, § 255, also p. 82, § 40. *Messinger v. Armstrong*, 1 D. & E., 54, also 1 D. & E., 162. Sedgwick on Trial of Title to Land, § 379. 70 N. Y., 180.

*J. E. Philpott*, for defendant in error.

A lease takes effect from date of its delivery. Wood L. & T., p. 375. Coumbe's lease was not delivered until March 1st, 1882. This action was commenced before Coumbe had enjoyed possession one year, for which he had paid. This lease was dated Feb. 28, 1882, this action was commenced before one year from that date. If the lease

commences to run from Feb. 15th, 1882, then the plaintiff permitted Coumbe to commence on his second year, for he did not serve notice on Coumbe to quit until Feb. 17th, 1883. Mrs. Smith, on January 15th, 1883, could not serve notice on Coumbe to quit, for on Dec. 18th, 1882, she parted with her reversion in and to the lands by her lease to plaintiff. See also the following cases: *Kittle v. St. John*, 10 Neb., 610. *Friedhoff v. Smith*, 5 Neb., 5. *Doe v. Stratton*, 4 Bing., 446. *Deveruch v. Moffet*, 15 Q. B., 257. *Thomas v. Parker*, 1 H. & N., 669. *Norton v. Thacher*, 8 Neb., 191.

MAXWELL, J.

In February, 1882, one, Henry C. Smith, by a lease in writing, leased to the defendant a farm of 160 acres for the term of five years, at a yearly rental of $250, to be paid on or before the thirty-first of December of each year. The farm belonged to the wife of Smith, and she wrote on the lease: "I hereby agree to and ratify the foregoing lease. Mrs. H. C. Smith." The first year's rent was paid to and received by Mrs. Smith, and by her endorsed on the lease. The lease is in proper form, except that there is neither an acknowledgment nor a subscribing witness to it. On the fifteenth of December, 1882, Mary J. Smith, which the proof shows is Mrs. H. C. Smith, leased the farm in question, by a written lease, to Amos Weaver for the term of three years. Weaver, on the seventeenth of February, 1883, served the statutory notice upon Coumbe to quit the leased premises, and upon his failure to do so instituted an action to oust him from such possession under the act for forcible entry and detention. On the trial of the cause the justice found in favor of Coumbe and dismissed the action. The case was taken on error to the district court, where the judgment of the justice was affirmed.

The error assigned in this court is that the district court erred in affirming the judgment of the justice.

The claim of the plaintiff in error is, that the "written agreement between Mrs. Smith and Coumbe is within the statute of frauds and void for a term longer than one year not having been witnessed and properly executed or acknowledged by Mrs. Smith, or recorded."

Sec. 5, chap. 32 of the Comp. Statutes, provides that: "Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, be in writing, and signed by the party by whom the lease or sale is to be made."

Sec. 1, chap. 73, provides that "deeds of real estate or of any interest therein in this state, except leases for one year or for a less time, must be signed by the grantor, being of lawful age, in the presence of at least one competent witness, who shall subscribe his name as a witness thereto, and be acknowledged or proved and recorded as directed in this chapter."

No objection is made to the form in which Mrs. Smith signed the lease made to Coumbe; nor could such objection be invoked successfully, as her agreement and ratification are equivalent to a formal signing of the lease.

The question for determination therefore is, is the lease to Coumbe void because it is not acknowledged and witnessed?

The testimony shows that Coumbe took possession under his lease about the first of March, 1882, and was in possession of the premises at the time Weaver obtained his lease, and such possession was notice to all the world, not only of the possession itself, but of the right, title, and interest, whatever they may be, of the party in possession. *Uhl v. May,* 5 Neb., 157. *Parks v. Jackson,* 11 Wend., 464. In addition to this constructive notice, Weaver had actual notice of the lease to Coumbe at the time that he obtained his. He therefore acquired by his lease no greater right to the possession of the premises than was pos-

sessed by Mrs. Smith at the time she executed the same. To entitle a lease to be recorded it must be duly signed, witnessed, and acknowledged. But a deed or lease if not recorded will still be good between the parties to the instrument, and will only be void as to subsequent *bona fide* purchasers or mortgagees, whose deeds shall be first recorded. 4 Kent Com., 456. 3 Washburn R. P., 282. *Kittle v. St. John*, 10 Neb., 605. *Lake v. Gray*, 30 Iowa, 415. *Id.*, 35 Iowa, 459.

Suppose that instead of a lease, Mrs. Smith had entered into an agreement in writing with Coumbe to sell him the farm for a specified sum in yearly payments, and the agreement was not witnessed, acknowledged, or recorded, could she allege its invalidity, and while the adverse party was not in default, proceed to sell the premises to another, who, upon receiving his contract, could oust the first purchaser from the possession of the premises? It will not be contended that the second purchaser would possess such power. Neither will a second lessee, who took his lease with knowledge of the first, and the lessee's rights thereunder. The lease to Coumbe was in proper form in all respects except the failure to witness and acknowledge the same. It is the deliberate contract of the parties and fully satisfies the statute of frauds as to being in writing, and did not terminate at the expiration of one year from its date. Weaver therefore acquired no rights in the premises as against Coumbe by virtue of the second lease. The judgment is right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.