WINNE v. KELLEY.

34  339
d94  326

1. Damages: SPECULATIVE AND REMOTE. Damages which are, in their nature, speculative and remote, are not recoverable.

2. —— RULE APPLIED. In an action to recover damages for failure on the part of the defendant to comply with the conditions of a lease from him to plaintiff of a grist mill, in respect to keeping in repair the dam, by means of which the mill was without the necessary supply of water to do all of its business, the measure of damages is the difference between the rental value of the mill in the condition it was in, and its value if it had been kept in the condition stipulated by defendant. The additional profits plaintiff would have made in the business of the mill if it had been put and kept in such condition, are too remote to constitute a basis of recovery.

*Appeal from Floyd Circuit Court.*

THURSDAY, JULY 25.

ACTION to recover damages for the failure of defendant to perform his covenants contained in a lease of a grist mill, made by the defendant to the plaintiff. There was a demurrer by defendant to certain counts of the petition, which was sustained. The plaintiff appeals.

*Pratt & Root* for the appellant.

*Starr & Patterson* for the appellee.

COLE, J. — The plaintiff by his petition, in the second count, alleged that, on the 2d day of April, 1867, defendant leased to him a certain grist mill on Cedar river, in the village of St. Charles, for the term of four years, at the rent of twenty-five hundred dollars per year, payable quarterly; that he took possession of, occupied and paid the rent for and during all said term; that the defendant agreed in said lease to repair the dam as soon, and make it as tight, as possible, and to keep it in good repair during said term, so as to furnish the usual flow of water through the flume of said mill; that defendant failed to repair the dam and failed to keep it in repair, and failed to furnish the usual flow of water; that by reason thereof plaintiff had been obliged to run said mill in the night time in order to do its business; that the additional expense caused thereby was $23.20, which plaintiff asked to recover as damages.

3d count. That, by reason of the defendant's failure to repair, etc., plaintiff was unable to operate said mill to its full capacity during the year 1870, and lost thereby the gristing of twelve thousand and eight hundred bushels of wheat, the tolls of which would have been worth $1,190.

4th count. That, by reason of the defendant's neglect to repair, etc., as he agreed, the plaintiff was prevented from manufacturing during the year 1870, aforesaid, seventy-three thousand nine hundred and seventeen bushels of wheat into flour; that, by the sale of said flour, his profits would have been $7,391.

5th count. That, by the manufacture of said flour, he would have obtained two hundred and twenty-one thousand seven hundred and fifty-one pounds of screenings, worth $2,217.51.

6th count. That thereby also he would have obtained two hundred and twenty-one thousand seven hundred and fifty pounds of shorts, worth $2,217.50.

7th count. That thereby he would have obtained, also, five hundred and ninety-one thousand three hundred and

thirty-six pounds of bran, worth $2,956.68. Wherefore he asks judgment for $18,000, and costs. A copy of the lease was annexed to the petition.

The defendant demurred to each of the counts above set out, because the damages alleged were not such as plaintiff could recover for, specifying the grounds; and, further, that they might have been avoided by reasonable exertions and expense. The court sustained the demurrer as to the grounds first specified and overruled it as to the last, and gave judgment for defendant upon the demurrer. The plaintiff appeals, and assigns as error, the sustaining of defendant's demurrer.

The counsel agree in presenting the single question, as to the measure of damages the plaintiff is entitled to, for breaches alleged. No point is made as to the manner of raising the question, nor whether a mistaken basis of claim for damages may be a ground for demurrer.

Accepting the question as properly before us, we readily and unitedly announce our concurrence with the circuit court, that the specifications of damages are too remote, contingent and speculative, to constitute a basis for recovery. That the true rule of damages, upon the allegations of the petition, is the difference in rental value of the mill in the condition it actually was during the term, and its value if it had been put, and kept in the condition the defendant agreed to put and keep it.

Affirmed.