## GRAY v. LAKE ET AL.

1. **Deed : CONSIDERATION : FRAUD.**   An agreement to do a thing is a sufficient consideration to support a deed, even though, as a matter of fact, the agreement is never performed.   The fact that a purchaser from the grantee believed that such an agreement would not support the deed, and that it never would be performed, would not make his purchase fraudulent, or invalidate his title.

*Appeal from Clinton Circuit Court.*

FRIDAY, JUNE 7.

ACTION to set aside a conveyance made by the defendant Joseph Willis to his co-defendants Benjamin Lake and A. L. Ankeny, of certain land in the city of Clinton.   The land formerly belonged to one Eunice N. Gray, now deceased.   During her life-time she executed a deed to the plaintiff, and he claims to be the owner of the same under such deed.   The defendants Lake and Ankeny claim to derive title through a deed executed by Eunice N. Gray to Willis, prior to the execution of the deed by her to the plaintiff.   The question in this case is as to the validity of the deed to Willis.   Other facts are stated in the opinion.   Decree for defendants.   Plaintiff appeals.

Gray v. Lake.

*D. Gray*, for appellant.

*Walter I. Hayes, Geo. B. Young, I. Monroe,* and *W. W. Stevens,* for appellees.

ADAMS, J.—The plaintiff assails the deed to Willis upon the ground that it was without consideration. The considera-

1. DEED: consideration: fraud.

tion expressed in the deed is one dollar; but in fact neither that nor anything else was paid. At the time it was executed Willis agreed to furnish his grantor certain fruit trees as the real consideration of the land; but he failed to perform his agreement. This, however, did not render the deed void as for want of consideration, the agreement itself being a sufficient consideration to support the deed. This identical question has been adjudicated between the parties. *Lake v. Gray,* 35 Iowa, 459. The plaintiff, however, claims that since the decision in that case he has discovered fraud. The facts upon which he relies are that Lake and Ankeny said, before they purchased of Willis, that they knew that Willis' title was worthless, and also that Willis was worthless, and unable to pay the consideration agreed to be paid, and Lake and Ankeny knew it.

A statement by Lake and Ankeny that they knew Willis' title to be worthless did not make it so, nor in any way affect the title when acquired by them. If they made such statement they believed just as the plaintiff appears at one time to have believed, or claimed to believe, that the performance by Willis of his agreement to furnish fruit trees was necessary as a consideration to support the deed. They were laboring under a mistake of law.

Nor is their title to be affected because Willis has not paid for the land and is irresponsible, and Lake and Ankeny knew it. Nor would the case be different if Willis sold to them without any intention of paying for the land. This action is not brought to subject the land to the payment of Willis' debt. It is brought upon the theory that Willis never owned

the land, and, of course, never owed for it. But this question has been adjudicated between the parties, and the ground upon which the plaintiff seeks to stand now is utterly inconsistent with that adjudication. A valid title having passed to Willis, Lake and Ankeny could not perpetrate a fraud upon his grantor with respect to such title.

AFFIRMED.