DAVIES ET AL. v. THE ST. L., K. C. & N. R. CO. ET AL.

1. **Railroads**: CONTRACT FOR RIGHT OF WAY: FORECLOSURE. *Varner v. The St. L. & C. R. R. Co. et al.*, 55 Iowa, 677, holding that a contract for right of way may be foreclosed, and a judgment for damages for the failure of the railroad company to comply with the same may be rendered and established as a lien upon the portion of the road covered by the contract, followed.

## Appeal from Davis Circuit Court.

### THURSDAY, JUNE 9.

THIS is an action in equity, the object of which is to enforce the performance of a certain written contract of which the following is a copy:

" I, Thomas Davies, owner of the following described real estate, to-wit: w hf of nw qr and nw qr of sw qr of sec 34, and se qr of ne qr of sec 23, tp 59, range 14, for the consid-.

eration of one dollar, to be paid me at any time within five years, do hereby agree to grant a right of way to the St. Louis. & Cedar Rapids Railway Co., for their said road through and across the land above described, said right of way to be fifty feet on each side of the center line of said railway as now located. And I do hereby authorize said company to enter upon, construct, and operate said railway, and this agreement to hold good until a deed is executed, subject to conditions following: That said company give me a suitable wagon crossing over and across said road, at two places on said premises, and keep the same in repair; also a convenient passway for stock at and to a watering place on the sw corner of nw qr sw qr sec 24, tp 69, range 14.

Thos. Davies."

The railroad was built over and across said land in 1867, by the said St. Louis & Cedar Rapids Railroad Company. Afterwards, the defendant, The Saint Louis, Ottumwa & Cedar Rapids Railroad Company, became the owner of said road by purchase, and in May, 1876, the said company leased the road to the defendant, St. Louis, Kansas City & Northern Railroad Company, and said last named company was at the commencement of the suit operating the road under said lease. The crossings and passway for stock provided for in the contract have never been constructed.

The cause was tried upon written evidence, and a decree was entered finding that the plaintiffs, who are now the owners of the land, were damaged by the failure of the Saint Louis & Cedar Rapids Railroad Company to comply with said contract in the sum of $340, and that the cost of the structures to be constructed under the contract is $412.82. Judgment was rendered against the St. Louis & Cedar Rapids Company for said amounts of money, and the judgment was declared to be a lien on the land appropriated for the right of way, and the rights of the defendants were foreclosed, and special execution ordered for the sale of said right.

of way, embankments, ties, rails, etc., in payment of said judgment.

It was further provided in said decree that any or all of the defendants might at any time previous to February 20, 1880, construct the passage way for stock and the two wagon crossings in certain places which were definitely fixed in the decree, and that if so built within said time the judgment should be credited with the said sum of $412.80, the estimated cost thereof. The defendants appeal.

*Trimble, Carruthers & Trimble*, for appellants.

*Traverse, Payne & Eichelberger*, for appellee.

ROTHROCK, J.—I. The questions discussed by counsel pertaining to the rights and liabilities of the defendants under the contract, as to the correctness of the decree in ordering a sale of the right of way in satisfaction of the judgment, and as to the damages arising from the failure of the defendants to construct the crossings being considered as part of the consideration of the contract, have all been determined adversely to the defendants in Varner against these same parties. 55 Iowa, 677. It is unnecessary to repeat the grounds upon which that decision is based.

II. It is claimed by counsel for the appellants that one of the crossings provided for by the decree is fixed at a place where it will require an unnecessary expenditure to construct it. An examination of the evidence satisfies us that it is the proper place for a "suitable crossing," as provided for in the contract. It is also urged that the damages found by the court are excessive. We think that under the evidence the amount is reasonable, and fairly within the bounds of the testimony as given by the witnesses.

As there is nothing in the record indicating that this appeal was taken for delay, the defendants will be allowed ninety days after the filing of this opinion to construct the crossings and passway for stock as provided in the decree of the

court below. In default of their completion within that time, the special execution will issue. The decree of the Circuit Court is

AFFIRMED.