HULL v. THE CHICAGO, BURLINGTON & PACIFIC R'Y CO. ET AL.

1. **Jurisdiction**: NOT LOST BY CHANGE OF JUDGES BETWEEN SUBMISSION AND DETERMINATION OF CAUSE. Where an equity cause was tried and submitted in the circuit court, and taken under advisement by the court, under an agreement that the decree should be entered in vacation, but before the cause was determined, by a division of the circuit, another judge came to preside over the court of that county, to whom the cause was transferred, *held* that the court did not lose jurisdiction of the cause, and that the action of the new judge in considering and determining the case without notice to the parties was at most erroneous, and not void, and that, on appeal from the decree so entered, this court has jurisdiction to try the cause *de novo*.

2. **Railroads**: RIGHT OF WAY DEED: AGREEMENT TO FENCE, ETC.: CONSIDERATION. Where a deed conveying a right of way for a railroad for a certain named sum contained an agreement on the part of the company to fence the right of way and build crossings, *held* that this agreement formed a part of the consideration for the right of way.

3. ———: ———: ———: MEASURE OF DAMAGES FOR FAILURE TO PERFORM. In such case, for a failure on the part of the company to build

the fence and put in the crossings as agreed, the measure of damages is the difference in the rental value of the land. *Varner v. St. Louis & C. R. R'y Co.*, 55 Iowa, 677, followed.

4. ——: ——: ——: DAMAGES FOR FAILURE, AND FOR TRESPASS AND NEGLIGENCE: RIGHT TO LIEN. Where plaintiff obtained judgment against the defendant company for breach of an agreement, contained in a right of way deed, to fence and build crossings along and over the right of way, he was entitled to a lien therefor upon the property of the company; but he was not entitled to a lien for a judgment on account of trespass, nor for a judgment on account of negligence in constructing the road, whereby the premises were overflowed.

5. **Practice in Supreme Court:** CAUSE TRIABLE DE NOVO REMANDED IN INTEREST OF JUSTICE. Although this cause is triable *de novo* in this court, yet, as the record is such that it is impossible to determine therefrom what judgment should be rendered, it is remanded to the court below, with leave to both parties to replead in accordance with the suggestions contained in this opinion.

*Appeal from Mahaska Circuit Court.*

WEDNESDAY, APRIL 8.

THE facts are stated in the opinion.

*R. A. Sankey*, for appellants.

*L. C. Blanchard*, for appellee.

SEEVERS, J.—Several causes of action are stated in the petition. The *first* is that, in consideration of the conveyance of the right of way over certain real estate of the plaintiff, the defendant had agreed to fence the right of way, and put in two open crossings, which it had failed to do; *second*, that the defendant had entered upon plaintiff's premises outside of the right of way, and had committed a trespass by cutting ditches and removing earth; *third*, that the defendant had carelessly and negligently constructed its road by the erection of an embankment, so as to obstruct the natural flow of water, and failed to construct any culvert in the embankment; *fourth*, the petition states that the contract for the right of way was made with the Chicago, Burlington &

Pacific Railroad Company, and that the defendant, the Central Iowa Railway Company, had purchased the road-bed, the right of way and franchise of the former company, and was operating the road with actual and constructive notice of the plaintiff's rights and claim to a lien on the road, and that the rights of the Central Railway Company were inferior and junior to those of the plaintiff.

The plaintiff asked that the cause be transferred to the equity side of the court, and tried as a suit in equity, and that at the final hearing the plaintiff have judgment, and that the same be declared a special lien on the road-bed, right of way and franchise; that the defendants be enjoined from operating trains thereon, and decreed specifically to perform its contract in relation to fencing and crossings, and for general relief. The defendants denied the allegations in the petition. The court found for the plaintiff, and allowed him damages as follows:

| | |
|---|---:|
| For failure to erect fences, - - - | $400 00 |
| For failure to put in crossings, - - | 150 00 |
| For trespass outside of right of way, - - | 10 00 |
| Damages caused by overflow of water, - | 120 00 |
| Loss of rents, - - - - - - | 150 00 |
| Interest from June, 1882, to July, 1883, | 100 00 |
| | $930 00 |

Judgment against both defendants was rendered for the amount above stated, which was made a lien on the road-bed, right of way, side tracks, and all rights and franchise of the defendant in the counties of Jasper and Mahaska, and a special execution was ordered to be issued for the sale of the same. The defendants appeal.

I. The cause was tried by consent of parties as an equitable action, and it will be so tried and determined in this court. The cause was submitted to the court at the April term, 1884, and it was agreed by counsel that the decree should be entered in vacation. The Hon. W. R. Lewis was

at that time sole presiding judge of said court. Subsequently the general assembly passed an act creating an additional circuit court in the sixth judicial district, and under the provisions of said act Judge Lewis ceased to be judge of the circuit court of Mahaska county. The Hon. John A. Hoffman became judge of said court by the appointment of the governor, and entered upon the discharge of his duties about the first day of June, 1884. Judge Lewis, not having determined the case, transferred it to Judge Hoffman, who, without notice to the parties, proceeded to determine the same, and caused the decree aforesaid to be entered.

Counsel for the appellants insist that Judge Hoffman had no power or authority to determine the case and cause a decree to be entered in vacation, and that it is absolutely void, and that, therefore, this court has no jurisdiction. If this is not claimed in terms, it is in substance. Without stating our reasons at length, we deem it sufficient to say that in our opinion the circuit court of Mahaska county undoubtedly had jurisdiction of the parties and the subject-matter, and that, as Judge Hoffman was judge of said court, his action in considering and determining the case without notice to the parties, to the end that they might be heard, was at most erroneous only, and that we have jurisdiction, and the right to try and determine this cause as other actions in equity are tried and determined by this court.

II. The plaintiff conveyed the right of way in consideration of the receipt of $500. The deed is substantially in the usual form, except a provision in these words: " The said company agrees by June 1, 1882, to fence said right of way on both sides with a lawful fence, and put in two open crossings at such places as the grantors may designate on said premises." Counsel for appellant contend that the right of way was conveyed in consideration of the money paid, and that the provision in relation to fencing is entirely independent, and without any consideration to support it. In this we do not concur; but think, as the provision in relation

to fencing is contained in the deed, it was the understanding of the parties that it formed a part of the consideration for the conveyance of the right of way.

III. The next question we shall consider is, what is the measure of the plaintiff's damages under the contract? Substantially, there is no difference as to this question between this case and *Varner v. St. Louis & C. R. R'y Co.*, 55 Iowa, 677. It was there held that the difference in the rental value of the premises constituted the measure of the plaintiff's damages. It will be observed that the circuit court gave the plaintiff damages for failure to erect the fence and put in the crossings, and also, as we understand, the difference in the rental value of the premises. Following the case above cited, we think the court erred in rendering judgment for the two items first above stated. For reasons hereafter stated, we do not determine whether the amount allowed for the other items as damages is sustained by a preponderance of the evidence or not. Attention, we think, should be called to the fact that the defendant contracted to put in crossings at such places as the plaintiff might designate; but we have been unable to find any sufficient evidence that the plaintiff did designate such places, and if he did not do so we have serious doubts whether he can recover any damages for such failure.

IV. There is another thing which affects the amount the plaintiff is entitled to recover, to which attention should be called. The defendant contracted to build the fence and put in the crossings by the first day of June, 1882, and this action was commenced on the twenty-sixth day of August, 1882. Now, it is evident that the difference in the rental value of the premises from June to the latter part of August following did not amount to very much. It clearly appears from the evidence that the plaintiff did not sustain damages during said time in the amount allowed by the court, and this is true as to the damages allowed because of the overflow. The court, no doubt, allowed damages up to the time of the

submission, or possibly only up to the time when the plaintiff closed his evidence. There is not, however, any pleading on file claiming damages up to either period. We do not determine that one was required, but we have quite decided convictions that this case was not tried on the proper theory. The evidence was not taken and confined to the rental value of the premises, but included the difference in the value of the farm in the market, and the attention of counsel seems to have been directed mainly to that and other immaterial questions.

V. On the whole, we have thought that fair and even-handed justice to both parties requires that this case should not be finally determined here on this record, for the reason that under it and the evidence we are unable to determine what judgment should be rendered. No substantial advantage would result to either party if we should dismiss the petition on the merits, unless that would constitute a bar to another action for such damages as were incurred after the commencement of this action, and this we are content to say is doubtful.

VI. The circuit court correctly held, under the authority of the cited case, that the plaintiff was entitled to a lien for damages sustained by the failure to fence and put in crossings. But we think it erred in deciding that he was entitled to such a lien for trespass, or for the negligent construction of the road, and thereby causing water to overflow the plaintiff's premises. We know of no legal or equitable principle under which the plaintiff is entitled to such a lien. There is no statute or contract entitling the plaintiff thereto.

It is therefore ordered that this cause be remanded to the court below, with leave to both parties to replead, so as to clearly present the main question of damages herein considered, and also as to the question of specific performance, to which it seems to us the plaintiff is entitled; or if he chooses to erect the fence, then a recovery for its value, and such other appropriate relief as he is entitled to.        REVERSED.