PATRICK H. MALLOY v. ANNIE MALLOY.

[FILED SEPTEMBER 21, 1892.]

1. **Ejectment:** CONTRACT TO RECONVEY. In January, 1884, one E. D. M. leased eighty acres of school land from the state and in February of the same year entered into a contract with one C. P. to surrender his lease to him, and he, C. P., was to advance the first payment and purchase the land from the state, taking the contract in his own name, and E. D. M., upon the repayment of the money advanced and interest thereon, was to receive an assignment of the contract. In July, 1885, E. D. M. died intestate and without issue. C. P. filed his claim against the estate for the money loaned, interest, and taxes paid and afterwards withdrew the same and assigned the contract to the plaintiff, the father of E. D. M. Neither E. D. M. nor his wife, the defendant, had paid any part of the money loaned and paid out by C. P. *Held*, That, stripped of all questions of descent which do not control, the plaintiff stands in the shoes of C. P. and the defendant must perform the contract of E. D. M., and the plaintiff is entitled to a decree of foreclosure and sale for the amount due.

2. ———. A mortgagee cannot maintain ejectment to recover possession of real estate.

3. ———. The plaintiff must possess a legal estate to maintain ejectment.

ERROR to the district court for Saunders county. Tried below before MARSHALL, J.

*M. B. Reese, J. R. Gilkeson,* and *Geo. I. Wright,* for plaintiff in error.

*S. H. Sornborger, contra.*

MAXWELL, CH. J.

This action was brought in the district court of Saunders county by the plaintiff against the defendant to recover the possession of the east half of the southwest quarter of section 36, in township 17, range 6, in said county.

The petition alleges, in substance, that about January 1, 1884, one Edward D. Malloy, a son of the plaintiff and husband of the defendant, leased the land above described from the state; that in February, 1884, he assigned said lease to one Charles Perky by virtue of an agreement with Perky that he should purchase the land from the state and pay the money due on the contract and give said Malloy the privilege of purchasing the land in two or three weeks by repaying Perky the amount due on said purchase; that in pursuance of said agreement Perky purchased said land from the state and took the contract of purchase in his own name; that E. D. Malloy wholly failed to pay said Perky the amount due on said contract; that in March, 1886, Perky assigned said contract to the plaintiff; that on July 5, 1885, Edward D. Malloy died intestate, leaving no heirs except his widow, the defendant, and his father, the plaintiff herein, and the defendant claims that such widow is entitled to the estate during her natural life.

For second cause of action the plaintiff claims $600 for rents and profits.

Various defenses were set up by the defendant, and it is admitted by her that Perky paid on said purchase the sum of $67.40. There is no claim that E. D. Malloy or the defendant has been repaid any of the money paid upon the contract in question. The prayer of the defendant is:

"Wherefore the defendant prays the judgment of the court that the plaintiff go hence without day. And the defendant further prays the court to find the amount, if any, of the principal sum of the purchase price under said contract of purchase, which has been paid by the plaintiff, and what amount of the interest thereon he has paid; also what amount of the principal is now or is to become due, and is not paid to the state, and what amount of interest on the same is now due and to become due, and is unpaid; and that the court may decree that the plaintiff pay the principal sums provided for in said contract when the

18

same become due, and that the defendant may reimburse
plaintiff for any sums paid to the said Charles Perky or the
state on account of interest on said contract of purchase, and
be required to pay the interest now due the state, and pay
the future accruing interest as the same becomes due from
time to time, and for such other, further, or different relief
between the parties hereto as may seem to the court to be
meet, just, and equitable."

The case was tried as an action of ejectment, and a jury
called which found for the defendant, and the action was
dismissed.

The testimony clearly shows that the plaintiff in error
merely possesses an equitable estate in the land. The facts
are substantially as follows: Perky advanced the first pay-
ment on the land, and some additional money for unpaid
rent, in all $67.40. On February 12, 1884, Perky wrote
a card to Edward saying, "The amount due on your school
land is $67.40," and that was the last communication with
reference to said land between Perky and Edward. Ed-
ward died in July, 1885, without issue. A few days after
Edward's death, Perky offered through one Murphy to as-
sign the contract to the defendant if she would pay him the
$67.40, with interest thereon. On November 21, 1885,
Perky, at the request of the county judge, filed a claim for
$79.75 against Edward's estate, which was based on the
purchase money paid on said contract, on condition that if
the claim was paid by December 1 he would assign the
contract. On November 25, 1885, a hearing on claims
against said estate was had, and the defendant's attorney
objecting to its allowance, said claim, with other unallowed
ones, was continued to March 4, 1886. On December 5,
1885, Patrick Malloy, the plaintiff, paid $31.95 on the
aforesaid contract of sale, and on March 4, 1886, Perky
assigned said contract to Patrick, and withdrew his claim
from the files of the county court. The administrators of
Edward's estate inventoried said land as belonging thereto,

and the county court, on February 23, 1886, made an order assigning the real estate, not describing it, of E. D. Malloy, situate in said county, to the defendant for life, and remainder to the plaintiff. Said land is in cultivation, and was at the time of the commencement of this suit.

Stripped of all questions as to rights of heirship, which are not the controlling questions in this case, and the plaintiff is possessed of the rights of Charles Perky in the premises, and the defendant of the rights of Edward D. Malloy. It is very clear that Perky held the contract as security for the payment of the moneys advanced by him, and that the plaintiff, by taking an assignment of the contract, stands in his shoes; but neither Edward D. Malloy nor the defendant ever paid anything on the contract. These facts are substantially conceded. It was the duty of the court, therefore, upon the issues and proof to have found the amount due the plaintiff upon the contract in question, and required its payment by a day to be named, failing in which the interest of the defendant should be sold under a decree of foreclosure. Originally the action of ejectment was devised to enable a tenant for years to recover the possession of the devised premises during the term. At common law, to maintain the action, it was necessary for the plaintiff in case of contest to establish four points, viz.: First, title in his lessor; second, a lease for the present term; third, that the lessee entered in possession of said lease, and, fourth, that the defendant ousted or ejected him. (3 Blacks. Com., 202; *Dale v. Hunneman,* 12 Neb., 223.)

Afterwards the action was so modified as to present but two questions, viz., title and the right of possession, and that rule prevails under the Code. To entitle the plaintiff to recover he must possess a legal estate in the premises and be entitled to the immediate possession. (*Dale v. Hunneman,* 12 Neb., 221; *O'Brien v. Gaslin,* 20 Id., 347.)

A lease for years will confer upon the lessee a legal estate and he may recover possession where his lessor but for

the lease could do so. A party who holds under a contract for the purchase is not in law deemed possessed of a legal estate in the premises, and unless expressly authorized by statute to do so, cannot maintain ejectment. The statement of facts in the petition clearly shows that the plaintiff's title is equitable. It is true he alleges that he has a legal estate in the premises, but the facts stated show that this is untrue. In addition to this, the assignment by Edward D. Malloy and the entry of the land by Perky are but parts of one transaction, the whole being a loan of money upon the land, and in this state a mortgagee cannot maintain ejectment to recover the possession of real estate. (*Kyger v. Ryley*, 2 Neb.; 20.)

It is evident, however, that the plaintiff and defendant have rights in the premises which only a court of equity can adjust. The judgment is reversed and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.