FREDERICK GEORGE V. JOHN McCULLOUGH.

FILED JUNE 2, 1896. No. 6678.

Ejectment: PLEADING. In an action of ejectment under the provisions of the Code of Civil Procedure it must be alleged in the petition that the plaintiff is entitled to the possession of the premises sought to be recovered.

ERROR from the district court of Lincoln county. Tried below before NEVILLE, J.

*George D. Mathewson* and *M. A. Hartigan*, for plaintiff in error.

*T. C. Patterson, contra.*

HARRISON, J.

In this, an action of ejectment, the plaintiff was successful in the district court of Lincoln county, and the defendant has prosecuted error proceedings to this court. In the petition filed in the trial court it was averred "The plaintiff complains of defendant for that the said plaintiff has a legal estate in the following described premises, to-wit: [Here was given a detailed description of the property in controversy, which we omit], and said defendant, ever since the 1st day of July, 1887, has unlawfully kept, and still keeps, the plaintiff out of possession thereof." There were further allegations in regard to

rents and profits which it was stated defendant had re-
ceived; also in respect to the removal and destruction by
defendant of some timber, and a claim for damages aris-
ing therefrom.   At the inception of the introduction of
the evidence the defendant objected to any being received
or allowed, on the ground that the petition did not state
a cause of action.   This was overruled and an exception
noted on the part of defendant, and the action of the trial
judge in this particular was made the subject of an as-
signment of error.

It is prescribed in section 626 of the Code of Civil Pro-
cedure, in reference to a complaint in a suit such as the
one at bar, that "In an action for the recovery of real
property, it shall be sufficient, if the plaintiff state in his
petition that he has a legal estate therein and is entitled
to the possession thereof, describing the same, as re-
quired by section one hundred and thirty-three, and that
the defendant unlawfully keeps him out of the possession.
It shall not be necessary to state how the plaintiff's
estate or ownership is derived."   There was no allegation
in the petition that the plaintiff was entitled to the pos-
session of the real estate therein described, neither in the
form of a conclusion in the words of the statute, nor in
other apt words, nor were facts pleaded from which the
inference might fairly arise or be drawn, and it is urged
that this omission in the petition was fatal and rendered
it insufficient.   It will be gathered by referring to the
quotations from the petition which we have hereinbefore
embodied that it was therein stated that the defendant
had, during a designated space of time, unlawfully kept,
and still keeps, the plaintiff out of possession of the
premises sought to be recovered.   The appearance of this
allegation, it is claimed by counsel for the party plaintiff
in the district court, cured the omission to directly plead
that the pleader was entitled to possession.   The legis-
lature, by the enactment of the section of the Code in re-
spect to the statements which will render sufficient a
complaint in an action of ejectment, have made the plead-

ing much simpler than was required in the old action of ejectment, and eliminated therefrom the technical allegations which formerly prevailed. Two of the main and important issues involved in the action are, in whom is the title, and who is entitled to possession, and by a fair application of the requirements of section 626 of the Code the pleader must, either in the words of the statute or in words of like import, state the conclusions that the plaintiff has a legal estate in the premises to recover which the action is instituted, and that he is entitled to the possession thereof, or must allege facts from which the conclusions appear. Nor does the appearance in the petition of the allegation that a defendant unlawfully withholds the possession from the plaintiff cure or supply the omission to set forth that the plaintiff is entitled to the possession. It was not contemplated nor intended by the law-makers that pleading the former should relieve from the necessity to set up the latter or be construed to take its place. (*Barclay v. Yoemans*, 27 Wis., 682; *Methodist Episcopal Church of Ashland v. Northern P. R. Co.*, 47 N. W. Rep. [Wis.], 190; *Dale v. Hunneman*, 12 Neb., 221.)

Counsel for the plaintiff in the trial court invoke the aid of section 121 of the Code, in which the rule is announced that "In the construction of any pleading for the purpose of determining its effects, its allegations shall be liberally construed with a view to substantial justice between the parties," and urge that giving it effect in its full purpose and meaning, we must hold that the petition in this case was sufficient as a pleading and fulfilled the demands of section 626 of the Code. We cannot give the rule stated in section 121 the force claimed for it by counsel. It does not exact that we shall disregard positive directions such as are contained in the section which specifically sets forth in terms what allegations will render a petition in an action to recover real property sufficient. The further allegations of the petition in regard to collection of rents and the removal and

destruction of the timber by defendant, and the damages to plaintiff resultant therefrom, were not independent of the allegations in ejectment, but were dependent thereon, or, to state it differently, the recovery of the real estate was the principal object of the suit and the others merely incidental thereto, and need not be considered independently therefrom. It follows, from the views expressed as to the sufficiency of the petition, that the judgment of the district court must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.