DANIEL W. MOSELEY ET AL., APPELLANTS, V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLEE.

FILED FEBRUARY 9, 1899. No. 8714.

1. **Railways: RIGHT OF WAY: CONSIDERATION.** The agreed consideration for the grant of a right of way is conclusively presumed to include the value of the land conveyed and all damages to the grantor's adjacent lands resulting from the non-negligent construction and operation of the road.

2. ———: ———: ———: **FAILURE.** Where a part of the consideration for a right of way deed is the promise of a railroad company to construct and operate a line of road over the grantor's land, the failure of the company to perform its agreement does not entitle the grantor to a cancellation of the deed.

3. ———: ———: ———: **DAMAGES.** The remedy in such case is by an action at law to recover the damages resulting to the grantor from the company's failure to perform its contract.

4. **Review: REFORMATION OF ISSUES.** Where a plaintiff has mistaken his remedy, but is apparently entitled to some relief, the cause may be remanded with direction to the trial court to permit a reformation of the issues.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J.  *Reversed.*

*Webster, Rose & Fisherdick* and *Willard E. Stewart*, for appellants:

The remedy is by rescission of the conveyance and compensation for the property taken and the injury done. (*Burk v. Bowles*, 69 Ind. 1; Kerr, Fraud & Mistake [Bump's ed.] 339; *Blanchard v. Detroit, L. & L. M. R. Co.*, 31 Mich. 44.)

The judgment must be reversed, though plaintiffs are not entitled to rescission, and the remedy be at law. (*Gregory v. Lancaster County Bank*, 16 Neb. 411; *Harral v. Gray*, 10 Neb. 186; *Williams v. Lowe*, 4 Neb. 394; *Comstock v. Michael*, 17 Neb. 228; *Keens v. Gaslin*, 24 Neb. 315; *Malloy v. Malloy*, 35 Neb. 224; *Oliver v. Lansing*, 48 Neb. 338; *Hassett v. Curtis*, 20 Neb. 164; *Goodman v. Pence*, 21 Neb. 462; *Davenport v. Jennings*, 25 Neb. 87; *Noll v. Kenneally*, 37 Neb. 881; *Roberts v. Swearingen*, 8 Neb. 363.)

*J. W. Deweese* and *F. E. Bishop, contra:*

There is no ground for rescission and no proof to sustain such a claim. (*Tennessee & C. R. Co. v. Taylor*, 57 Am. & Eng. R. Cas. [Ala.] 296; *Pittsburg, V. & C. R. Co. v. Pittsburg & S. L. C. R. Co.*, 57 Am. & Eng. R. Cas. [Pa.] 46.)

As to remedy see: *Houston & T. C. R. Co. v. McKinney*, 8 Am. & Eng. R. Cas. [Tex.] 728; *Galveston, H. & S. A. R. Co. v. Pfeuffer*, 56 Tex. 66; *Lorenzen v. Kansas City Investment Co.*, 44 Neb. 99; *Warner v. Benjamin*, 62 N. W. Rep. [Wis.] 179; *Hodsden v. Hodsden*, 72 N. W. Rep. [Minn.] 562.

*John H. Ames*, also for appellee.

SULLIVAN, J.

August 28, 1894, Daniel W. Moseley, James Kilburn, and Sophronia Lane brought this action against the Chi-

cago, Burlington & Quincy Railroad Company, alleging in their petition that they were in 1890, and still are, the owners in fee simple of the southwest quarter and the west half of the southeast quarter of section 14, in township 10 north, range 6 east of the sixth P. M., in Lancaster county; that the defendant, having in contemplation the construction of a railroad between Havelock and West Lincoln, as part of a projected belt line for the city of Lincoln, obtained from the plaintiffs, on August 2, 1890, a deed for a right of way 100 feet wide across said land; that the consideration for such conveyance was $300 in cash and the promise of the company to build and put in operation the proposed line of road within a reasonable time; that the quantity of land deeded to the defendant was about ten acres and its value about $3,000; that soon after the deed was executed the company entered upon the land and constructed a road-bed, but did not complete the work, and has now entirely abandoned the enterprise. The relief demanded is specific performance, or else cancellation of the deed, with compensation for injuries resulting to the land conveyed and to the tract of which it was a part, resulting from the construction of defendant's road-bed. The defendant answered, admitting the conveyance of the right of way, but denying that the construction and operation of a railroad over the plaintiff's land was any part of the consideration therefor. The answer also admits that the road in question has not been completed and that no work has been done upon it since the summer of 1890, but denies that the enterprise has been permanently abandoned. The trial court found that there is no equity in the petition, and "that the plaintiffs, for value, conveyed to the defendant by warranty deed the property in controversy herein, together with the right to remove earth from the sides of the land so conveyed." From a judgment rendered in favor of the defendant upon these findings the plaintiffs have appealed.

In the brief filed by appellants in this court it is con-

ceded that no case has been made for the specific enforcement of the alleged contract to build and operate a railroad between West Lincoln and Havelock, and the claim of the petition in that respect has been abandoned. Neither can there be any recovery for damages resulting from the grading already done. The value of the land conveyed for right of way purposes and all damages to the balance of the plaintiff's adjacent real estate which have accrued or may accrue in consequence of the non-negligent construction and operation of the road are conclusively presumed to be included in the agreed consideration for the right of way deed. (*Fremont, E. & M. V. R. Co. v. Harlin*, 50 Neb. 698; *Chicago, R. I. & P. R. Co. v. Smith*, 111 Ill. 363; *Gulf, C. & S. F. R. Co. v. Richards*, 83 Tex. 203, 18 S. W. Rep. 611.) It is equally clear that the failure of the company to furnish the promised consideration at the time appointed would not alone warrant an application to a court of equity for relief by rescission. There has been, it would seem, no permanent abandonment by the defendant of the purpose for which the land was acquired; and while it is true that there are cases in which rescission is the only adequate remedy for non-performance of an agreement upon the faith of which real estate has been conveyed to the promisor, it is quite evident the case at bar does not belong to that class.

If the defendant failed to keep its engagement with the plaintiffs, they have a plain and adequate remedy by an action at law to recover the value of the promised consideration. (*Lake v. Gray*, 35 Ia. 459; *Gray v. Lake*, 48 Ia. 505.) The benefits which it was expected would result to other adjacent lands of the plaintiffs by reason of the use to be made of the strip conveyed was contemplated by both parties to the transaction and, at least, a partial inducement to the conveyance. If the company agreed to construct and operate a railroad over the plaintiffs' land, within a reasonable time, it was legally bound to perform its contract or make just compensation for its failure to do so. That the damages in such case is not

deemed incapable of reasonably accurate estimation is shown by the following decisions: *Varner v. St. Louis & C. R. R. Co.*, 55 Ia. 677, 8 N. W. Rep. 634; *Winne v. Kelly*, 34 Ia. 339; *Hull v. Chicago, B. & P. R. Co.*, 65 Ia. 713, 22 N. W. Rep. 940; *Fraley v. Bentley*, 1 Dak. 25, 46 N. W. Rep. 506. In the Iowa cases cited it was held that the damages resulting from the promise of a railroad company to build fences, as part of the consideration for a right of way deed, was the increased rental value of the grantor's adjacent lands which would have resulted had the fences been built according to the agreement. In the Dakota case the defendant had orally promised, as part consideration for a piece of land bought of the plaintiff, to erect thereon "a good sawmill." He failed to keep his agreement, and in an action brought against him for damages it was held that the measure of plaintiff's recovery was a sum equal to the value which would have been added to his adjacent lands by the erection of the mill for which he had contracted. Had the defendant company acquired the right of way through condemnation proceeding instead of by purchase, the appraisers, or a jury in case of appeal to the district court, would be required, in determining whether there should be an award of incidental damages, to inquire into and ascertain the money value of the special and peculiar benefits which would accrue to the plaintiffs' adjacent lands. The ascertainment of general benefits is not necessarily more difficult.

It follows from these considerations that the judgment of the district court is right, but as the plaintiffs are entitled to some relief, if the defendant made the agreement alleged, the case is remanded to the district court with direction to permit the petition to be amended, and for further proceedings; all costs to the present time to be taxed to the plaintiffs. This course strikes the writer as being incongruous and illogical, but it has the sanction of precedents which we may not disregard. (*McKeighan v. Hopkins*, 14 Neb. 361; *Malloy v. Malloy*, 35 Neb.

224; *Roberts v. Swearingen,* 8 Neb. 363; *Gregory v. Lancaster County Bank,* 16 Neb. 411.)   Whether the amendment of the petition, in conformity with the views expressed in this opinion, will be, in substance, the commencement of a new action has not been discussed and it is not decided.

It is contended by the defendant that the special finding above quoted disposes of the claim that the company agreed to build the road and put it in operation within a reasonable time.   In view of the fact that the conclusion of the trial court does not necessarily depend on the special finding, we think its meaning should not be enlarged by construction.   We think the point has not been decided.

REVERSED.