ZION EVANGELICAL LUTHERAN CHURCH V. ST. JOHN'S EVANGELICAL LUTHERAN CHURCH.

FILED FEBRUARY 22, 1906.   No. 14,152.

An action in ejectment, denominated by the code "an action for the recovery of real property," can be maintained only by one who has both a legal estate in and a right to the immediate possession of the demanded lands.

ERROR to the district court for Saunders county: BENJAMIN F. GOOD, JUDGE.   Affirmed.

L. E. Gruver and Stewart & Munger, for plaintiff in error.

Simpson & Good, contra.

AMES, C.

The facts are represented in the brief of counsel for plaintiff in error to be indisputably to the following effect: In 1882, the Omaha and Republican Valley Railway Company conveyed several contiguous lots, constituting a com-

pact body of land in the site of the present village of Yutan, in Saunders county, in this state, to certain natural persons as trustees for the use of the Evangelical Lutheran Church at that place in connection with the general synods of that church for the state and for the United States. Shortly afterwards there was organized a local society of that church under the name of "Zion Evangelical Lutheran Church" which, with the consent of the trustees, went into possession of the land and in due time erected thereon a house of worship and a parsonage or dwelling house for the use of a minister. During the lapse of 20 years the membership of the society gradually increased from less than a dozen to more than 100 persons, to part of whom the English and to part of whom the German speech was the mother tongue, and a controversy sprung up as to which language should be used in the pulpit and in the various devotional and ritualistic exercises of the church. After some time the matter was amicably adjusted by a division of the society, and of the use of the property of which it was in the possession, in this manner: The English speaking members retained the name of the society, and also the exclusive use and enjoyment of the church building and a defined quantity of land surrounding it; and the German speaking members effected a new organization in the name of "St. John's Evangelical Lutheran Church," and retained the exclusive use of the residue of the tract of land and of the parsonage situated thereon. The new society acquired additional land, and erected thereon a church building for their own occupancy and enjoyment. There are and have been no doctrinal differences between the two bodies, and both have at all times been and remained united in faith and fellowship with the general synods of the Evangelical Lutheran Church, of the state and of the United States, having ecclesiastical jurisdiction of the denomination of professed christians to which both belong. This situation of affairs was established in May, 1901, and continued, so far as appears, undisturbed and with satisfaction to all until June, 1904, when this action was begun

in ejectment by the elder society against the younger to recover the possession of the parsonage and adjacent lands and $500 in damages for the use and occupancy of them by the defendant. The petition is in the ordinary form in ejectment, and the answer is a general denial. There was a trial, and a verdict and judgment for the defendant, for the reversal of which this proceeding is prosecuted.

Obviously there is no error. Not only are the lands being used in strict conformity with the trusts expressed in the deeds of donation, and presumably with the expressed or implied consent of the trustees, but the latter, who are alone possessed of the legal title and right of possession, are not parties to the action. It is elementary that an action in ejectment, denominated by the code "an action for the recovery of real property," can be maintained only by one who has both a legal estate in and a right to the immediate possession of the demanded lands. Code, sec. 626; *Morton v. Green*, 2 Neb. 441; *Malloy v. Malloy*, 35 Neb. 224; *George v. McCullough*, 48 Neb. 680; *Bonacum v. Murphy*, 71 Neb. 487.

The plaintiff has neither, and we therefore recommend that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.